UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

HARLAN CULBERTSON,

   Petitioner,

v.

GILLEY, Warden,

   Respondent.

Civil Action No. 6: 22-110-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Harlan Culbertson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Culbertson argues that in light of the Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), his federal sentence was improperly enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), because his prior state crimes were charged in only two indictments. [R. 1] The Court must screen the petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Based upon that review, the Court will dismiss the petition for lack of jurisdiction and/or as substantively without merit.

In February 2008, a federal jury in Greenville, Tennessee convicted Culbertson of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Culbertson*, No. 2:07-CR-067-JRG-MCLC-1 (E.D. Tenn. 2007) [R. 1, 24 therein]. During the sentencing hearing, Culbertson argued that he did not qualify as an armed career criminal under the ACCA. The ACCA applies where the defendant has three or more prior convictions for a "serious drug

1

offense" or a "violent felony."  18 U.S.C. § 924(e)(1).  Culbertson had six prior drug trafficking convictions in Bristol, Virginia:

1. a conviction entered June 12, 2002, for possession with the intent to distribute cocaine on July 27, 2001, in Case No. CR 02-6964-01;

2. a conviction entered June 12, 2002, for possession with intent to distribute an imitation drug on August 23, 2001, in Case No. CR 02-6964-03;

3. a conviction entered March 14, 2003, for possession with intent to distribute cocaine on April 25, 2002, in Case No. CR 02-7114-01;

4. a conviction entered on March 14, 2003, for possession with intent to distribute cocaine on May 8, 2002, in Case No. CR-02-7114-02;

5. a conviction entered on March 14, 2003, for possession with intent to distribute cocaine on May 13, 2002, in Case No. CR 02-7114-03; and

6. a conviction entered on March 14, 2003, for possession with intent to distribute an imitation drug on May 20, 2002, in Case No. CR 02-7114-04.

*See* [R. 47 therein]  At the sentencing hearing, the government argued that "there are six prior drug convictions, and they're on six different dates[,]" and that each conviction carried a possible sentence of 5-40 years imprisonment.  *See* [R. 36 therein at 3]  The trial court concluded that Culbertson had at least four separate qualifying drug convictions:

> The record in this case establishes that the defendant's four prior convictions of possession with the intent to distribute cocaine are all drug offenses as defined in 924(e),[1] and that all were committed on occasions different from one another.
>
> The Sixth Circuit has addressed the issue of whether or not the requisite convictions have been shown in circumstances similar to this one and has held that drug offenses committed on different days, but even though indicted on the same day and with convictions occurring on the same day, are separate drug offenses for the purposes of 924(e)(1); and, therefore, the defendant in this case does in fact have

---

[1] The trial court did not indicate whether it believed that Culbertson's two convictions for possession with intent to distribute an imitation drug in violation of Virginia Code 18.2-248 also qualified as "serious drug offenses" under the ACCA.  Abundant precedent, however, establishes that they did.  *Cf. United States v. Vanoy*, 957 F. 3d 865, 868 (8th Cir. 2020); *United States v. Stancil*, 4 F.4th 1193, 1198 (11th Cir.), *cert. denied*, 142 S. Ct. 511 (2021); *United States v. Jones*, No. 4:20-CR-6, 2021 WL 2582821, at *4 (W.D. Va. June 22, 2021).  Culbertson had six predicate offenses for crimes committed on six different dates.

    the prior requisite drug felony offenses, and he is an armed career offender within the meaning of the statute.

[R. 36 therein at 3-4] Given the ACCA's applicability, Culbertson was subject to an advisory guideline range of 235 to 293 months.[2] The trial court sentenced Culbertson to 240 months imprisonment, toward the bottom end of the guidelines range. *See* [R. 31 therein] The Sixth Circuit affirmed his conviction on direct appeal, and the United States Supreme Court denied his petition for writ of *certiorari*. *See* [R. 38, 41 therein]

    In 2011, Culbertson again challenged the application of the ACCA in his motion to vacate his sentence filed pursuant 28 U.S.C. § 2255. Culbertson contended that his counsel was ineffective for failing to argue at the sentencing hearing that then-recent amendments to the Sentencing Guidelines indicated that three of his prior convictions for drug trafficking should have been treated as only a single predicate offense because no arrest had intervened between the commission of the crimes and they had been charged in a single indictment. *See* [R. 43 therein] The trial court rejected this argument, noting that the amendment to U.S.S.G. § 4A1.2 applied only to determining whether prior offenses are counted separately for purposes of the career offender enhancement found in U.S.S.G. § 4B1.1, not to the determination whether the ACCA's armed career criminal enhancement under 18 U.S.C. § 924(e)(1) applies. The Sixth Circuit denied Culbertson a certificate of appealability, expressly noting its agreement with the trial court's analysis. *See* [R. 51, 56 therein][3]

---

[2] Apart from the ACCA's 15-year statutory minimum, designation as an armed career criminal also affects the advisory guideline range through application of U.S.S.G. § 4B1.4.

[3] Culbertson has made several additional attempts to challenge his conviction and sentence pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2255 on other grounds. Because they do not pertain to the "separate occasions" argument he presently asserts, the Court does not relate those efforts here.

3

Culbertson presents his "separate occasions" argument for a third time in his current petition. He reiterates that his six prior convictions were imposed in only two court cases, with each indictment containing multiple counts. *See* [R. 1-1 at 17-18; R. 1-2] Culbertson further asserts that when he was sentenced in those cases, the state stipulated that his offenses "arose out of the same set of facts, circumstances, and the same occasion." [R. 1-2 at 18] However, his assertion is actually a quotation taken *verbatim* from *Wooden* itself, *see* 142 S. Ct. at 1070, and none of the documents provided by Culbertson contain any statement to this effect, *see* [R. 1-2]. And it would not have mattered if they had: the "separate occasions" determination is a matter of federal statutory interpretation to be made at the time the federal sentence is imposed.

Culbertson relies exclusively upon the Supreme Court's decision in *Wooden* to support his petition. In *Wooden* the defendant had broken into a storage building and, once inside, burgled ten storage units – one right after another, and all on the same day – by destroying the drywall which separated them. 142 S. Ct. at 1067. Although charged and convicted of ten counts of burglary in state court, the Supreme Court held that this amounted to a single "occasion" of criminal conduct for purposes of the ACCA. In doing so, the Court held that the Sixth Circuit's narrow focus on the time of commission constituted a myopic interpretation of the statutory text, and indicated that the "separate occasions" inquiry is a multi-factored one. *Id*. at 1071. Thus "a range of circumstances may be relevant to identifying episodes of criminal activity," including proximity of time and place; similarity of crime, motive, and means of execution; and whether the offenses were intertwined with one another, involved "a continuous stream of closely related criminal acts," or were punctuated by intervening events. Still, the Supreme Court noted that some cases are easy. *See Id.* (noting with approval that "Courts, for instance, have nearly always treated

offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'").

Culbertson's petition must be dismissed for lack of jurisdiction because his claims are not cognizable in a § 2241 proceeding. A motion filed under 28 U.S.C. § 2255 in the sentencing court is "the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to file a § 2241 petition to challenge his conviction or sentence only if the remedy provided by § 2255 is structurally "inadequate or ineffective" to seek relief. *Id.* at 496. A prisoner can only invoke the exception if he can point to a new decision of the United States Supreme Court which establishes, as a matter of statutory interpretation, either that his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because one or more of his prior convictions could not be properly used to enhance it, *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016). The prisoner must rely upon a Supreme Court decision; a decision from a lower court or a federal court of appeals will not suffice. *Hueso v. Barnhart*, 948 F.3d 324, 334-35 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020). The Supreme Court decision relied upon must be retroactively applicable to cases on collateral review. *Hill*, 836 F. 3d at 595. If the prisoner's § 2241 petition fails to satisfy any applicable criteria, the habeas court lacks jurisdiction to entertain it. *Taylor*, 990 F. 3d at 499.

Culbertson's claim fails to satisfy two requirements. First, with respect to a sentencing challenge, the habeas claim must establish error sufficiently grave to be deemed "a complete miscarriage of justice." To do so, the challenged sentence must exceed the maximum permitted by law, whether by statute, *McCormick v. Butler*, 977 F. 3d 521, 528-29 (6th Cir. 2020), or under

the mandatory Sentencing Guidelines prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), *Hill*, 836 F.3d at 599; *Snider v. United States*, 908 F.3d 183, 192 n.5 (6th Cir. 2018). Here, Culbertson was sentenced in 2008, several years after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. His claim thus does not satisfy an essential criterion for cognizability under *Hill*. *Hueso*, 948 F.3d at 332 (noting that a within-guidelines sentence imposed under the post-*Booker* advisory guidelines regime is not susceptible to collateral attack under § 2241) (*citing Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019)); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018) (petitioner did not fall within the narrow exception recognized by *Hill* because he was sentenced under the advisory sentencing guidelines post-*Booker* in 2009); *Anderson v. Ormond*, No. 6: 18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018).

Second, to invoke § 2241 the petitioner must demonstrate that he had could not have made his argument before, either on direct appeal or in an initial § 2255 motion, because "binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument any earlier." *Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019). As noted above, Culbertson repeatedly asserted this very same "separate occasions" argument, including when his sentence was originally imposed in 2008 and again in the § 2255 motion he filed in 2011. And no binding adverse precedent from the Sixth Circuit prevented him from making the very argument he presents now; indeed, he actually did so on both prior occasions. These arguments were rejected because the facts simply did not support Culbertson's claim that his crimes – committed a week or more apart from one another – must be counted as a single "occasion" of criminal conduct. The longstanding rule in the Sixth Circuit and other courts of appeal is that a prior state offense generally counts as a separate predicate under the ACCA if the conduct

6

underlying the crime was committed at a different time from other offenses. *Cf. United States v. Brady*, 988 F.2d 664, 668-69 (6th Cir. 1993) (*en banc*); *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992) (holding that even though "all of the convictions occurred on the same date and stemmed from the same indictment ... because Roach committed drug offenses on three different days (March 11, 12, and 26), these offenses do not constitute a single criminal episode, and the Court properly enhanced his sentence pursuant to § 924(e)(1).") (cleaned up). The fact that the defendant was charged, convicted, or sentenced on a single day for multiple offenses is not pertinent to the inquiry. *United States v. McCauley*, 548 F.3d at 440, 448 (6th Cir. 2008). And the three crimes need not be punctuated by intervening convictions. *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991). Because Culbertson had prior opportunities to make his "separate occasions" argument and indeed availed himself of those opportunities, the savings clause affords no basis for him to present those arguments yet again.

Finally, even if the substance of Culbertson's argument could be considered in this § 2241 proceeding, it is plainly without merit. Culbertson was caught with distribution amounts of cocaine on July 27, 2001; April 25, 2002; May 8, 2002; and May 13, 2002. The first interval was nine months; the second two weeks; and the third five days. In *Wooden*, the Supreme Court endorsed consideration of a broader array of factors than time alone when deciding whether separate crimes might be part of one "occasion" under the ACCA. *Wooden*, 142 Sc.D. at 1071. But the Supreme Court was also quick to note that two factors – time and place of commission – "can decisively differentiate occasions." *Id*. Thus, crimes committed "a day or more apart, or at a significant distance" will "nearly always be treated as occurring on separate occasions." *Id*. (cleaned up). Culbertson points to nothing which indicates that his presents the exceptional case. To the contrary, the *Wooden* decision has been on the books for less than three months and

7

numerous courts have already rejected the same kind of argument Culbertson makes here. *Cf. United States v. Daniels*, No. 21-4171, 2022 WL 1135102, at *1 (4th Cir. Apr. 18, 2022) ("Daniels committed his three prior offenses days apart - April 15, April 20, and May 8. Thus, we have no reason to doubt that they occurred on three separate occasions" in light of *Wooden*); *Morris v. Williams*, No. 3:20-CV-572-NJR, 2022 WL 866140, at *2 (S.D. Ill. Mar. 23, 2022) ("Morris's drug offenses took place four days apart, making them separate occasions under *Wooden*."). And Culbertson's continued reliance on the fact that his crimes were charged in only two criminal cases and that he was sentenced on only two days is not an argument founded upon *Wooden*'s holding at all. Culbertson's petition is therefore also substantively without merit.

Accordingly, the Court **ORDERS** as follows:

1. Culbertson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

Entered: June 1, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY